UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Angel Torres, | ) CASE NO. 1:08 CV 1559 |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| | ) |
| Michael Sheets, Warden | ) |
| Ross Correctional Institution, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** |

On March 30, 2010, Magistrate Judge Kenneth S. McHargh issued a Report and Recommendation recommending that Petitioner Angel Torres' amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 20. Torres has filed objections to the Magistrate Judge's Report and Recommendation. ECF No. 22. For the reasons that follow, Torres' objections are overruled. The Report and Recommendation is adopted.

In his amended habeas corpus petition before the Court, Torres raised three grounds for relief. ECF No. 5. Torres conceded that all but one of his grounds for relief were not cognizable in a federal habeas proceeding. ECF No. 20 at 9. Torres' remaining ground for relief alleged that his conviction in State court was voidable due to the violation of his constitutional right to confront a witness at trial as guaranteed by the Sixth Amendment. The Magistrate Judge found this claim to be invalid and recommends the Court summarily dismiss the claim on the merits. ECF No. 20 at 12-14.

(1:08 CV 01559)

In his objection to the Magistrate Judge's recommendation, Torres reargues that the failure of the State trial court to allow him the opportunity to fully confront one witness, Detective Denise Kovach, violated his Sixth Amendment right.  ECF No. 22.  Specifically, Torres faults the State trial court for prohibiting cross-examination of Detective Denise Kovach on matters relating to a prior and unrelated case.  Torres avers that, in accordance with his Sixth Amendment right, he should have been permitted to cross-examine the detective in regards to the prior case to impeach her testimony.  Torres states "the jury had the right to know that Detective Kovach had previously extracted false confessions. . . [ and t]he denial of the Petitioner's right with regards to confrontation of Detective Kovach rendered his trial fundamentally unfair."  ECF No. 22 at 5.

The Court has conducted a *de novo* review.  28 U.S.C. § 636(b).  For the reasons detailed in the Magistrate Judge's Report and Recommendation, the Court concludes that Torres' claim fails to warrant federal habeas corpus relief.  As indicated in the Report and Recommendation, if the Court were to find a violation of the Confrontation Clause, Torres would still be ineligible for federal habeas relief.  Allegations of violations of the Confrontation Clause are subjected to a harmless error analysis.  See *Jensen v. Romanowski*, 590 F.3d 373, 379 (6th Cir. 2009).  Pursuant to that analysis, the Court concludes that any perceived error in the State trial court's limitation on the cross-examination of Detective Kovach would be harmless error.

(1:08 CV 01559)

      For the reasons set forth herein, the Court adopts the Report and Recommendation in its entirety. Accordingly, the petition shall be dismissed.

      IT IS SO ORDERED.

| | |
|---|---|
| February 8, 2011 | /s/ Benita Y. Pearson |
| Date | United States District Court Judge |